UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00034-GNS-HBB

SIERRA ENTERPRISES, INC., et al.  PLAINTIFFS

v.

SWO & ISM, LLC, et al.  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment. (Pls.' Mot. for Partial Summ. J, DN 112). The motion has been completely briefed and is now ripe for a decision. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion.

## I. BACKGROUND

On April 8, 2014, Plaintiffs noticed their intent to serve a subpoena upon, *inter alia*, then-third-party Hein Oil Gathering & Transport, LLC ("HOGT"). (Notice of Intent to Serve Subpoenas, DN 15). On May 30, 2014, the Court granted Plaintiffs' Motion to Compel Third Party Subpoena Responses (Pls.' Mot. to Compel Third Party Subpoena Resps., DN 28 [hereinafter Mot. to Compel]) holding HOGT and others in contempt and ordering them to provide full and complete responses to Plaintiffs' subpoena. (Order, DN 31).

On September 2, 2014, with leave of court, Plaintiffs filed their First Amended Verified Complaint ("Amended Complaint") naming, among others, HOGT as an additional defendant. (First Am. V. Compl., DN 60 [hereinafter Am. Compl.]). Plaintiffs added, *inter alia*, Count XXXVI against HOGT for enforcement of the Court's May 30, 2014, order compelling it to respond to the subpoena served upon it. (Am. Compl. 47).

In the present motion, Plaintiffs note that HOGT is in violation of the Court's order entered May 30, 2014 (the "Order"). (Mem. in Supp. of Pls.' Mot. for Partial Summ. J. 11, DN 112-1 [hereinafter Mem. in Supp. of Summ. J.]). Plaintiffs request that, in light of HOGT's failure to comply with the Order, the Court enter an order and judgment granting summary judgment as to Count XXXVI of the Amended Complaint. (Mem. in Supp. of Summ. J., at 14-15).

On May 8, 2015, the parties participated in a settlement conference and reached an amicable resolution to their claims, with the exception of all claims to which HOGT is named as a defendant. (Order, DN 135). The Court thus analyzes this motion as applicable solely to HOGT.

The Court construes Count XXXVI of the Amended Complaint as a request to hold HOGT in contempt, and construes the pending Motion for Partial Summary Judgment as a motion to hold HOGT in contempt that supplements the request in Count XXXVI of the Amended Complaint.

## II. JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different states." 28 U.S.C. § 1332. Plaintiffs assert in the Amended Complaint that "there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Am. Compl. 6-7). Accordingly, the Court has jurisdiction over this matter.

### III. GOVERNING LAW

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat 204, 227 (1821)) (internal quotation marks omitted). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts.'" *Id.* (second alteration in original) (quoting *Ex parte Robinson*, 19 Wall. 505, 510 (1874)). The Supreme Court has recognized that outright dismissal of a lawsuit, while "particularly severe . . . is within the court's discretion. Consequently, the 'less severe sanction' of an assessment of attorney's fees is undoubtedly within a court's inherent power as well." *Id.* (citation omitted) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). "[A] court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)).

### IV. DISCUSSION

In its response to the motion, HOGT argues that it was improperly served with the subpoena. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J., DN 119). HOGT additionally argues that, because it was not properly served with the subpoena, the May 30, 2014, Order violated its due process rights. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J.). Alternatively, HOGT argues that there is a genuine issue of material fact regarding whether or not the service of process agent listed on the Kentucky Secretary of State's website for HOGT was a manager of HOGT, and

thus whether or not HOGT was properly served. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J.). Finally, HOGT argues in the alternative that has complied with the subpoena to the best of its ability. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J.).

  A. **Service of Subpoena**

  Plaintiffs attached to their motion an annual report for HOGT filed with the Kentucky Secretary of State's office on July 10, 2014, showing that its registered agent was Hein Oil Company, Inc. in Albany, Kentucky. (Pls.' Mot. for Partial Summ. J. Ex. 2, DN 112-3). On July 9, 2013, Hein Oil Company, Inc.'s registered agent was Steve Wallace ("Wallace"). (Mot. to Compel Ex. A, DN 28-1). Under Kentucky law, Plaintiffs were entitled to rely on HOGT's designation of its registered agent. *See* KRS 14A.4-050 ("The duties of a registered agent are to: (1) Forward to the entity or foreign entity for which it is the registered agent any service of process, notice, or demand received on its behalf."). Wallace signed the subpoena issued to HOGT. (Mot. to Compel Ex. C, DN 28-3). Accordingly, whether Hein Oil Company, Inc. was an appropriate entity to accept service for HOGT is not a fact in dispute, and HOGT was properly served with the subpoena.

  B. **Due Process**

  HOGT asserts in its response that its due process rights were violated by this Court's order granting Plaintiffs' motion to compel, specifically because the order issued one day after the motion was filed. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 1). HOGT does not cite any authority to support this proposition.

  As detailed above, HOGT was properly served with the subpoena on April 9, 2014. (Mot. to Compel. Ex. C). Plaintiffs' counsel mailed a letter to Wallace on May 23, 2014, requesting that he contact Plaintiffs' counsel by May 28, 2014, to arrange immediate production of the

documents. (Mot. to Compel. Ex. F at 2, DN 28-3). Plaintiffs note that HOGT did not comply with the subpoena during the 51 days between service and the Order entered May 30, 2014. (Pls.' Reply in Supp. of Pls.' Mot. for Partial Summ. J. 5). HOGT also did not file a motion to quash the subpoena, which it could have done despite the fact that it was not yet a party to the lawsuit. Fed. R. Civ. P. 45 advisory committee's note 2013 subdivision d ("Subdivision (d) contains the provisions formerly in subdivision (c)."); Fed. R. Civ. P. Practice Commentary, C45-22 ("Paragraph 3(A) of subdivision (c) authorizes the motion to quash or modify the subpoena, listing diverse grounds. . . . And it applies to *both parties and nonparties*. . . ." (emphasis added)). HOGT was properly served and had notice both that it could move to quash the subpoena and that failure to comply with the subpoena could result in being held in contempt of court. (Mot. to Compel. Ex. C at 3; Mot. to Compel. Ex. F at 2). HOGT had 51 days and sufficient notice of the potential consequences of noncompliance to address the subpoena, either in conjunction with Plaintiffs' counsel or through the Court.

Given that: (1) the subpoena was properly served on HOGT; (2) HOGT had sufficient notice of its right to move to quash the subpoena or be held in contempt if it failed to comply; and (3) 51 days passed between the service of the subpoena and the entry of the Order, HOGT's due process argument fails.

### C. Compliance with the Subpoena

HOGT does not deny that it did not respond to the subpoena; instead, it responds that it has complied to the best of its ability by responding to Plaintiffs' First Set of Interrogatories and Request for Production of Documents propounded on January 21, 2015. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 6-8). The issue is not, however, whether HOGT responded to that set

5

of discovery. There is no question that HOGT did not comply with the subpoena or the Court's May 30, 2014, Order.

Additionally, of the six examples of requests for production answered by HOGT, it answered all but one with some variant of the statement that it had no responsive documents. (Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 7-8). As Plaintiffs note in their reply, however, a third party, Coomer Oil, LLC ("Coomer") answered the same subpoena served on HOGT in April 2014 and provided relevant information. (Pls.' Reply in Supp. of Pls.' Mot. for Partial Summ. J. 5-6). They note that, according to Coomer, Coomer's documents, including software and computers (that presumably would have been responsive to the subpoena), were taken by HOGT when it bought Coomer. (Pls.' Reply in Supp. of Pls.' Mot. for Partial Summ. J. Ex. 3). HOGT's stated lack of responsive documentation is questionable in light of Coomer's response: either HOGT's representations that it does not have responsive documents are false, or HOGT has made unavailable the responsive documents it received from Coomer.

HOGT has not responded to the April 2014 subpoena to this day, and its response to discovery propounded nine months later does not excuse its failure to respond to the April 2014 subpoena or its failure to comply with the Order of May 30, 2014. In light of the fact that HOGT has not responded to properly served subpoena and has failed to comply with an order of this Court for over a year, the Court finds that the sanction of attorney's fees and reasonable expenses associated with the making of Plaintiffs' Motion to Compel Third Party Subpoena Responses, Partial Motion for Summary Judgment, and Motion for Expedited Relief on Plaintiffs' Motion for Partial Summary Judgment is appropriate.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Partial Motion for Summary Judgment (DN 112), which is construed as a motion to hold Hein Oil Gathering & Transport, LLC in contempt. In light of the time that has elapsed since its filing, Plaintiffs' Motion for Expedited Relief on Plaintiffs' Motion for Partial Summary Judgment (DN 113) is **DENIED** as moot.

Hein Oil Gathering & Transport, LLC is **ORDERED** to pay to Plaintiffs their reasonable expenses incurred in making both motions, including attorneys' fees. Plaintiffs shall supplement the record with an account of their costs and attorneys' fees within **14 days** of the entry of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Hein Oil Gathering & Transport, LLC shall respond to the subpoena noticed by Plaintiffs on April 8, 2014, within **30 days** of the entry of this Memorandum Opinion and Order.

Hein Oil Gathering & Transport, LLC is warned that any future noncompliance with orders of the Court or other sanctionable conduct may result in further contempt orders and sanctions.

cc: counsel of record