UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00034-GNS-HBB


SIERRA ENTERPRISES, INC., et al.                                          PLAINTIFFS


v.


SWO & ISM, LLC, et al.                                                       DEFENDANTS


### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Verified Motion for Attachment (Pls.' Verified Mot. for Attach., DN 167 [hereinafter Pls.' Mot. for Attach.]). The motion has been completely briefed and is now ripe for a decision. For the reasons stated below, the Court **GRANTS** Plaintiffs' motion but **DENIES** the request for attorneys' fees and costs.

### I.       BACKGROUND

On July 23, 2015, the Court ordered Defendant Hein Oil Gathering & Transport, LLC ("HOGT") "to pay Plaintiffs their reasonable expenses incurred in making both [Plaintiffs' Motion or Partial Summary Judgment and Plaintiffs' Motion for Expedited Relief on Plaintiffs' Motion for Partial Summary Judgment], including attorneys' fees." (Mem. Op. & Order 7, DN 149). On August 7, 2015, Plaintiffs filed a Notice of Filing of Affidavit for Account of Costs and Attorneys' Fees and accompanying affidavit, which calculated the relevant costs as $232.12 and attorneys' fees as $11,196.50 for a total of $11,428.62. (Pls.' Notice of Filing of Aff. for Account of Costs and Attys' Fees, DN 150; Aff. for Account of Costs and Attys' Fees, DN 150-1).

Following informal attempts to collect their attorneys' fees and costs (*See* Pls.' Mot. for Attach. Exs. A & B, DNs 167-1, 167-2), Plaintiffs e-mailed and mailed a demand letter to

HOGT's counsel on October 9, 2015. (Pls.' Mot. for Attach. Ex. D, DN 167-4). On the same day, Plaintiffs filed their Verified Motion for Attachment, requesting that the Court allow Plaintiffs to immediately attach HOGT's property as "much of its assets and interests . . . [as] are highly mobile and capable of being hidden from any attempts to collect of any judgment against HOGT." (Pls.' Mot. for Attach. 4-5). HOGT has filed its response (Def.'s Resp. to Pls.' Verified Mot. for Attach. and Request for Hr'g, DN 168 [hereinafter Def.'s Resp.]), and Plaintiffs have replied in support of their motion (Pls.' Reply in Supp. of Verified Mot. for Attach., DN 169 [hereinafter Pls.' Reply]). The motion is thus ripe for adjudication.

## II.     JURISDICTION

This Court has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as is between . . . citizens of different states." 28 U.S.C. § 1332. Plaintiffs assert in the Amended Complaint that "there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (Am. Compl. 6-7). Accordingly, the Court has jurisdiction over this matter.

## III.     DISCUSSION

Kentucky law provides that a plaintiff may "have an attachment against the property of the defendant . . . as a security for the satisfaction of such judgment as may be recovered" in two circumstances. KRS 425.301. The applicable circumstance is that this matter is "an action for the recovery of money due upon a contract, judgment or award . . . ." KRS 425.301(2). In order for Plaintiffs' to secure an attachment under KRS 425.301(2), HOGT must "have no property in this state subject to execution, or not enough thereof to satisfy the plaintiff[s'] demand, and the

collection of the demand will be endangered by delay in obtaining judgment or a return of no property found . . . ." KRS 425.301(2).

HOGT's counsel has stated that HOGT "had not indicated to [him] it had any available funds in which to pay [the ordered fees and costs]," that HOGT is in "dire financial straights [sic]," and that "at this time it has no available funds." (Pls.' Mot. for Attach. Ex. B). Thus, HOGT does not have enough property to satisfy Plaintiffs' demand.

As to the final requirement, the collection of Plaintiffs' demand would be endangered by delay in obtaining a judgment. As Plaintiffs note, "much of [HOGT's] assets and interests – including tank trucks and the oil contained therein – are highly mobile and capable of being hidden from any attempts to collect of any judgment against HOGT." (Pls.' Mot. for Attach. 4). Accordingly, Plaintiffs have met the requirements of KRS 425.301(2).

HOGT argues that Plaintiffs' motion must be denied because Plaintiffs have not complied with KRS 425.301(1). (Def.'s Resp. 1-2). HOGT has cited no case law for the proposition that KRS 425.301(1) and (2) are to be read in the conjunctive. Indeed, the plain language of the statute indicates that they are alternatives. Accordingly, this argument fails.

HOGT also argues that because the Court "did not rule upon the [amount given in] affidavit filed by the Plaintiffs' attorney . . . as being reasonable or as having all been incurred . . . only against HOGT." (Def.'s Resp. 2). An affidavit is by definition not a motion seeking relief. The Court has already granted Plaintiffs' their attorneys' fees and costs against HOGT. (*See* Mem. Op. & Order 7). To the extent HOGT believes that the amount Plaintiffs' have requested is unreasonable, HOGT has had three months to file a motion requesting relief from that amount but has not done so. *See Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 251-53 (6th Cir. 1979) (challenging the propriety and amount of an award of costs and attorneys' fees); *Holloway*

*v. Howerdd*, 536 F.2d 690, 696-97 (6th Cir. 1976) (challenging an award of attorneys' fees in the amount of $10,000). As it has not done so, the Court will not deny Plaintiffs' motion on the basis of the amount of the award.

HOGT further argues that Plaintiffs did not meet the notice requirement of KRS 425.301(3), as notice was sent to counsel rather than HOGT. (Def.'s Resp. 2). KRS 425.301(3), however, applies only to pre-judgment attachment, which is not applicable to the present motion.

HOGT next argues that, to the extent that the attorneys' fees and costs stem from a motion to compel addressing other defendants in addition to HOGT, Plaintiffs must appropriately apportion the amount spent on making that motion between all of the defendants named in the motion. (Def.'s Resp. 2-3). The Court's Memorandum Opinion and Order addressed only two motions: Plaintiffs' Partial Motion for Summary Judgment (DN 112), and Plaintiff's Motion for Expedited Relief on that motion (DN 113). (Mem. Op. & Order 7). The Court's Memorandum Opinion and Order clearly orders HOGT, and HOGT only, "to pay Plaintiffs their reasonable expenses incurred in making both motions, including attorneys' fees." (Mem. Op. & Order 7). Accordingly, any argument encompassing other defendants and their settlement with Plaintiffs fails.

Finally, HOGT argues that the exchange of e-mails between its counsel and Plaintiffs' counsel "cannot be interpreted to state that HOGT would not pay an award of attorneys' fees but can only be interpreted at the time it was written to indicate that HOGT did not have sufficient unencumbered [assets] in which to pay same." (Def.'s Resp. 3). HOGT has offered no evidence that it now has sufficient unencumbered assets, nor has it provided evidence that would lead a reasonable person to believe that it will have sufficient unencumbered assets in the near future. Accordingly, this argument fails.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Verified Motion for

Attachment (DN 167). Plaintiffs' request for attorneys' fees and costs is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 7, 2015

cc:      counsel of record